FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2020 DEC 11 PM 3: 51

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**WESTGATE RESORTS, LTD., et al**,

        Plaintiffs,

v.

**WESLEY FINANCIAL GROUP, LLC**,

        Defendant.

_____/

CASE NO.: ~~3:20-cv-0599~~

6:20-mc-43-ORL-41EJK

## MOTION TO QUASH PLAINTIFFS' SUBPOENA TO NON-PARTY TO PRODUCE DOCUMENTS

COMES NOW, Non-Party CELEBRITY FILMS, LLC ("Non-Party"), by and though its undersigned counsel, and hereby files this Motion to Quash the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* ("Subpoena"), directed at Non-Party, submitted by Plaintiffs WESTGATE RESORTS, LTD., et al. ("Plaintiffs"), and as grounds therefore state:

### INTRODUCTION

On October 17, 2019, Plaintiffs commenced this action by filing the *Complaint for Injunctive Relief* against Defendant WESLEY FINANCIAL GROUP, LLC ("Defendant") currently pending in the United States District Court for the Middle District of Tennessee. (Doc. 1) On December 1, 2020, Plaintiffs caused Non-Party to be served with a copy of the Subpoena requesting discovery from Non-Party here in the Middle District of Florida. In this lawsuit, Plaintiffs (a collection of timeshare companies) have sued Defendant (a timeshare exit company) under the Lanham Act and various state consumer protection acts in connection with certain allegedly false advertisements made by Defendant.

Non-Party is a production company in the business of producing and directing documentaries. To-date, Non-Party has never published or otherwise made available for public consumption any videos or advertisements for use by Defendant. In other words, Non-Party is completely uninvolved in any of the advertisements at issue in Plaintiffs' case. Nevertheless, Plaintiffs seek every document pertaining to Non-Party's relationship with Defendant, including without limitation all contracts, invoices, payment documents, communications, drafts, and other unpublished content. None of these documents have any relevance to Plaintiffs' case, which turns upon the truth or falsehood of other advertisements prepared by other companies. There is no justification for placing the burden of responding to this Subpoena on Non-Party.

## STANDARD OF REVIEW

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45.

## ARGUMENT

### A.   The Subpoena is facially deficient.

Federal Rule 45(a)(1)(A)(iii) requires every subpoena to specify a place to produce documents requested. Page 1 of the Subpoena commands Non-Party to produce documents at: Attn: Olga M. Vieira Greenspoon Marder LLP 600 Brickell Avenue, Suite 3600 Miami, FL 33131, whereas Page 3 of the Subpoena identifies as the *Location for*

*Production*: Greenspoon Marder LLP 200 East Broward Blvd., Suite 1800 Fort Lauderdale, FL 33301.

Because Plaintiffs provide conflicting geographical locations for Non-Party to produce documents responsive to the Subpoena, Plaintiffs have failed to specify a place to produce documents requested as it is unclear the actual location for production of documents responsive to Plaintiffs' Subpoena. Consequently, the Subpoena must be quashed, because Plaintiffs' Subpoena fails to specify a place for Non-Party to produce documents requested within the Subpoena due to the facial deficiency.

**B.    The Subpoena requires Non-Party to comply beyond the geographical limitations specified in Rule 45(c).**

A non-party may only be compelled to produce documents at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c). Page 1 of the Subpoena identifies Non-Party's address as: Celebrity Films LLC, c/o Registered Agent Nicholas D. Nanton 520 N. Orlando Avenue, #2, Winter Park, FL 32789. Page 1 of the Subpoena commands Non-Party to produce documents at: Attn: Olga M. Vieira Greenspoon Marder LLP 600 Brickell Avenue, Suite 3600 Miami, FL 33131, whereas Page 3 of the Subpoena identifies as the *Location for Production*: Greenspoon Marder LLP 200 East Broward Blvd., Suite 1800 Fort Lauderdale, FL 33301.

Both addresses identified for production of documents responsive to Plaintiffs' Subpoena are in excess of 200 miles from where Non-Party resides, is employed, or regularly transacts business in person. Consequently, the Subpoena must be quashed, because it requires Non-Party to comply beyond the geographical limitations specified in Rule 45(c).

3

C. **The Subpoena requires Non-Party to disclose privileged or other protected matter.**

Parties may seek discovery of any relevant, non-privileged information. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial but rather discovery must be "reasonably calculated to lead to the discovery of admissible evidence." Jacobini v. J.P. Morgan Chase, N.A., 2012 U.S. Dist. LEXIS 204346 (M.D. Fla. Aug. 2, 2012) (quoting Zorn v. Principal Life Ins. Co., 2010 WL 3282982 at *2 (S.D. Ga. Aug. 18, 2010)).

Moreover, the federal law is clear in that the standard for relevancy is heightened were discovery is requested from a non-party. Cytodyne Techs., Inc. v. Biogenic Techs., Inc., 216 F.R.D. 533 (M.D. Fla. June 3, 2003). See American Standard Inc. v. Pfizer Inc., 828 F.2d 734 (Fed. Cir. 1987) (affirming district court's restriction of discovery where non-part status 'weighted against disclosure'); America Electric Power Company, Inc. v. United States, 191 F.R.D. 132, 136 (S.D. Oh. 1999) (status as a non-party is a factor that weighs against disclosure); Solarex Corp v. Arco Solar, Inc., 121 F.R.D. 163, 179 (E.D.N.Y. 1988) (non-party status is a significant factor in determining whether discovery is unduly burdensome).

Although Courts do not give trade secrets automatic and complete immunity against disclosure, each case is evaluated for the claim to privacy against the need for disclosure. Fed. R. Civ. P. 26(c). "In order to resist discovery of a trade secret, a party must first demonstrate that the information sought is a trade secret and that disclosure might be harmful. Centurion Industries, Inc. v. Warren Steurer & Associates, 665 F.2d 323 (10th Cir. 1981). The burden then shifts to the party seeking disclosure to establish that disclosure is relevant and necessary to the action. Id." Ivax, LLC v. Celgene Corp.,

4

2013 U.S. Dist. LEXIS 196442 (S.D. Fla. July 29, 2013). "Trade secrets are defined by Florida statute as:

> Information, including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
>
> (b) Is the subject of efforts that reasonable under the circumstances to maintain its secrecy."

Cytodyne Techs., Inc. v. Biogenic Techs., Inc., 216 F.R.D. 533 (M.D. Fla. June 3, 2003).

Non-Party is a production company in the business of producing and directing documentaries. Plaintiffs have sued Defendant for conduct relating to false advertising and deceptive and unfair trade violations. Yet, Plaintiffs seek discovery from Non-Party for all communications, invoices, and videos, including outtakes, amongst other content relating to Defendant. The information Plaintiffs seek in their Subpoena are unpublished content, proprietary content, trade secrets, and confidential intellectual property deriving independent economic value which Non-Party has taken extensive measures to maintain their secrecy. However, this action relates to advertisements that were actually made to the public, not confidential, unpublished material which Plaintiffs now seek from Non-Party.

If Non-Party's trade secrets and intellectual property were to end up in the hands of Non-Party's competitors, it would result in utter destruction of Non-Party's business model. Non-Party has no interest in this case, yet, is being requested to release proprietary information Non-Party has expended significant resources in protecting.

Moreover, Plaintiffs have failed to show how Non-Party's proprietary information is necessary, let alone, relevant to this action.

Because Plaintiffs seek irrelevant, privileged information from Non-Party, the Subpoena must be quashed.

### D.   The Subpoena subjects Non-Party to undue burden.

Parties may seek discovery of any relevant, non-privileged information. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial but rather discovery must be "reasonably calculated to lead to the discovery of admissible evidence." Jacobini v. J.P. Morgan Chase, N.A., 2012 U.S. Dist. LEXIS 204346 (M.D. Fla. Aug. 2, 2012) (quoting Zorn v. Principal Life Ins. Co., 2010 WL 3282982 at *2 (S.D. Ga. Aug. 18, 2010)).

Plaintiffs seek discovery relating to information that is irrelevant to the claims or defenses at issue in this litigation. Moreover, Plaintiffs seek broad discovery from Non-Party without even attempting to limit the scope its discovery requests. Plaintiffs seek to harass, annoy, and unduly burden Non-Party with discovery requests that are overbroad in scope, overly intrusive, unreasonably burdensome to obtain, confidential, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, Plaintiffs unnecessarily subject Non-Party to discovery requests which are discoverable directly from Defendant whereas Non-Party has no interest in this litigation. Because the Subpoena unduly burdens Non-Party, it must be quashed.

### CONCLUSION

The Subpoena is facially defective, violates the geographical limitations for production of documents, and requests unrelated trade secrets from Non-Party. Consequently, the Subpoena directed at Non-Party must be quashed.

Respectfully submitted this 11th day of December, 2020.

> PINONICHOLSON, PLLC
> 99 South New York Avenue,
> Winter Park, FL 32789
> Telephone: 407-425-7831
> Email:  ljp@pinonicholsonlaw.com
>
> _/s/ Laurence J. Pino_
> DR. LAURENCE J. PINO, ESQ.
> Florida Bar No.: 233749
>
> _Counsel for Non-Party_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 11, 2020, a true and correct copy of the foregoing was furnished to the Clerk of Court by using the CM/ECF e-filing system, which will send notice of electronic filing to all counsel of record.

> _/s/ Laurence J. Pino_
> DR. LAURENCE J. PINO, ESQ.

## SERVICE LIST

**OLGA VIEIRA, ESQ.**
FBN: 29783
Greenspoon Marder
600 Brickell Avenue, Suite 3600
Miami, FL 33131
Telephone: (305) 789 – 2794
Facsimile: (305) 537 – 3994
Email: olga.viera@gmlaw.com

_Counsel for Plaintiffs_

**DR. LAURENCE J. PINO, ESQ.**
FBN: 233749
Pino Nicholson, PLLC
99 South New York Avenue
Winter Park, FL 32789
Telephone: (407) 425 – 7831
Facsimile: (407) 206 – 6565
Email: ljp@pinonicholsonlaw.com

_Counsel for Non-Party_

**JOHN QUINN, ESQ.**
TBN: 012220
Neal & Harwell, PLC
150 Fourth Avenue, Suite 2000
Nashville, TN 37219
Telephone: (615) 238 – 3538
Facsimile: (615) 726 – 0573
Email: jquinn@nealharwell.com

_Counsel for Defendant_